# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DEMETRIUS A. LYLES, | ) | CASE NO. 1:23-CV-1989 |
| Plaintiff, | ) ) | JUDGE CHARLES E. FLEMING |
| vs. | ) ) ) | **MEMORANDUM OPINION AND** |
| IVORY SANDERFER, *et al.*, | ) | **ORDER** |
| Defendants. | ) ) ) ) | |

## I. INTRODUCTION

*Pro se* Plaintiff Demetrius A. Lyles, a prisoner currently incarcerated in the Lebanon Correctional Institution, filed this action against Mansfield resident Ivory Sanderfer and Mansfield Attorney Benjamin Kitzler. (ECF No. 1). Plaintiff alleges Sanderfer took money he inherited from his mother's estate and she now claims he is not the father of her child. *Id*. He seeks a DNA paternity test and return of the money from his mother's estate. *Id*.

## II. BACKGROUND

Plaintiff alleges his mother passed away on October 4, 2020. Plaintiff indicates his mother had a life insurance policy that listed him and his three siblings as the beneficiaries. As Plaintiff is incarcerated, he contacted Attorney Kitzler and gave him power of attorney to handle his portion of the estate, which totaled approximately $55,000.00. He states that he directed Kitzler to deposit $20,000.00 into his prison commissary account and to place the remainder into an account in his daughter's name. Plaintiff claims that contrary to his instructions, he received only $10,000.00 in his commissary account. He claims Sanderfer got the remainder of the money and instead of placing it in an account for their child, put it in her mother's bank account. Sanderfer now denies

1

that Plaintiff is the father of the child and refuses to facilitate a DNA test to resolve the issue of paternity. Plaintiff contends Sanderfer also is seeking to receive half of the money placed in his commissary account. He does not assert any legal claims. He asks this Court to order Sanderfer to participate in a DNA paternity test and seeks an agreement for disposition of the money Sanderfer took from their child.

### III. STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading

2

standard. *Id.* In reviewing a complaint, the Court must construe the pleadings in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## IV. DISCUSSION

Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citation omitted).

Generally, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different States." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, Plaintiff must establish that he is a citizen of one state and Defendants are citizens of other states. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983).

Diversity of citizenship does not exist in this case. Plaintiff is incarcerated in the Lebanon

Correctional Institution. He does not list any other address for himself. Both Defendants are residents of Mansfield, Ohio. Plaintiff has the burden of pleading sufficient facts to support the existence of the Court's jurisdiction. Fed.R.Civ.P. 8. In a diversity action, Plaintiff must state the citizenship of all parties so that the existence of complete diversity can be confirmed. *Washington v. Sulzer Orthopedics, Inc.*, 76 F.App'x 644, 645 (6th Cir. 2003). The complaint suggests that Plaintiff and Defendants are citizens of Ohio. As a result, this Court does not have subject matter jurisdiction based on diversity of citizenship.

If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. In determining whether a claim arises under federal law, the Court looks only to the "well-pleaded allegations of the complaint and ignore[s] potential defenses" a Defendant may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007). Although the well-pleaded-complaint rule focuses on what Plaintiff alleges, it allows the Court to look past the words of the complaint to determine whether the allegations ultimately involve a federal question. *Ohio ex rel. Skaggs*, 549 F.3d at 475. In addition to causes of action expressly created by federal law, federal-question jurisdiction also reaches ostensible state-law claims that: (1) necessarily depend on a substantial and disputed federal issue, (2) are completely preempted by federal law or (3) are truly federal-law claims in disguise. *See Mikulski*, 501 F.3d at 560; *City of Warren v. City of Detroit*, 495 F.3d 282, 286 (6th Cir. 2007).

Here, Plaintiff is proceeding *pro se* and *pro se* Plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Even with that liberal construction, however, Plaintiff failed to properly identify a federal question in this case, and none is apparent on the face of the complaint. Probate issues, attorney malpractice claims, and paternity claims are matters of state law, not federal law. Therefore, this Court does

not have subject matter jurisdiction based on a federal question.

### V. CONCLUSION

Accordingly, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: January 29, 2024

_____
**CHARLES E. FLEMING
UNITED STATES DISTRICT JUDGE**